# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11cv12-RJC

| | |
|---|---|
| JAMES HENRY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DR. BRYAN MCCLURE; NURSE JANE ) | |
| DOE; CATAWBA VALLEY MEDICAL ) | |
| CENTER, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983. (Doc. No. 1 ).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. V. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff").

A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or

parts thereof. 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that it must be dismissed because Plaintiff has failed to state a claim for relief.

The Court sets forth the facts as alleged by Plaintiff. On February 1, 2009, Plaintiff was taken to Catawba Valley Medical Center for severe abdominal pain. On February 2, 2009, Dr. Bryan McClure performed surgery to remove his gallbladder. Plaintiff was sent back to Lanesboro Correctional two days later. (Doc. No. 1 at 4). Approximately one week later, Plaintiff collapsed on his way to the dining hall. He was taken to the medical unit and examined by Nurse Jane Doe and Dr. McClure. Dr. McClure opined that Plaintiff may have a leak in his bile duct, but agreed with Nurse Jane Doe that Plaintiff should be placed in observation for a few days. (Id. at 5).

Three days later, Plaintiff was taken back to Catawba Valley Medical Center and admitted for a leak in his bile duct. (Id. at 6). Dr. McClure performed another surgery and inserted a stent. Three days later, Dr. McClure sent Plaintiff back to Lanesboro Correctional "knowing poisonous bile remained in the plaintiff's body and his condition could worsen." (Id.). Plaintiff deteriorated rapidly and three days later was transported back to Catawba Valley Medical Center and admitted for an infection. Plaintiff spent three weeks in recovery and was then transferred back to Lanesboro Correctional to continue his recovery in the infirmary. (Id. at 6-7). Approximately three weeks later, Dr. McClure removed the drainage tube. Plaintiff asked Dr. McClure when the stent would be removed, and Dr. McClure told him that it would pass in his stool. (Id. at 7). Approximately thirty days later, Plaintiff was examined, and an order was written to remove the stent. Thirty more days passed, and Plaintiff was again examined. Because Plaintiff's stent had not yet been removed, a second order was written to remove the stent. (Id.) Plaintiff contends that "Dr. McClure, Nurse Jane Doe and Catawba Vally Medical Center were deliberately indifferen[t] to [his] serious medical

needs by delaying, and/or interfering with a required course of treatment and acted or fail[ed] to act with callous and/[o]r wanton disregard for [his] health, with the intent of causing pain, injur[y], and/or death." (Id. 8-9).

Taking the allegations in Plaintiff's Complaint as true, they do not state a claim for relief pursuant to 42 U.S.C. § 1983. At most, Plaintiff's Complaint states a claim under state law for negligence or medical malpractice. However, malpractice or negligence in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998) (negligence or malpractice in missing a diagnosis does not, by itself, state a claim for deliberate indifference). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105. Therefore, Plaintiff's Complaint is dismissed for failure to state a claim for relief.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is Dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Signed: February 11, 2011

Robert J. Conrad, Jr.
Chief United States District Judge